SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 04 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IMZE YILDIZ

                Plaintiff,

**CV12-0044**

vs.

**COMPLAINT/
JURY DEMAND**

POLICE OFFICER ANTHONY EGAN, POLICE
OFFICER KIDERT JEAN-MARY, POLICE
OFFICER JEFF ANDERSON, POLICE OFFICER
JOHN DOE, POLICE SERGEANT MICHAEL
CAPPELLO, POLICE SERGEANT JOHN DOE
AND THE CITY OF NEW YORK,

VITALIANO, J.

AZRACK, M.J.

                Defendants
-----------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is an action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, 42 U.S.C. Section 1981 and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

## VENUE

3. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district and the plaintiff resides in this district.

## PARTIES

4. The plaintiff Imze Yildiz (henceforth to be identified as "Plaintiff Yildiz" or "Yildiz") is 42 years old. He is a citizen of the United States and is and was at all times relevant herein a resident of the City of New York, State of New York. He is an observant Muslim.

5. Defendant Police Officer Anthony Egan, Shield Number 29734, (henceforth to be identified as "Officer Egan" or "Egan") is and was, at all times relevant herein, a Police Officer employed by the New York City Police Department. On the date of the incident, June 1, 2010, Officer Egan was assigned to the 120th Precinct.

6. Defendant Police Officers Kidert Jean-Mary, Shield Number unknown (henceforth identified as "Officer Jean-Mary" or "Jean-Mary"), and Jeff Anderson, Shield Number 11068 (henceforth identified as "Officer Anderson" or "Anderson") and John Doe, Shield Number unknown (henceforth to be identified as "Officer John Doe"), are and were, at all times relevant herein, Police Officers employed by the New York City Police Department. On the date of the incident, June 1, 2010, the above Police Officers were assigned to the 120th precinct.

7. Defendant Police Sergeant Michael Cappello, shield number unknown, (henceforth identified as "Sergeant Cappello" or "Cappello") and Police Sergeant John Doe, are and were, at all times relevant herein, Police Officers employed by the New York City Police Department. On the date of the incident June 1, 2010, both Sergeant Cappello and Sergeant John Doe were assigned to the 120th Precinct.

8. At all times relevant herein, the individual police defendants named above (henceforth to be collectively identified as "Defendant Police Officers") were acting under color of state law in the course and scope of their duties and functions as Police Officers of the New York Police Department ("NYPD"), and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York Police Department at all times relevant herein, with the power and authority vested in them as Police Officers employed by the New York Police Department and incidental to the lawful pursuit of their duties as Police Officers employed by the New York Police Department.

9. Defendant City of New York is a governmental entity organized under the laws of the State of New York to provide municipal services including police functions. The New York Police Department is an agency of the Defendant City of New York designated to perform police functions.

## STATEMENT OF FACTS

10. On June 1, 2010, Plaintiff Yildiz was lawfully driving a vehicle on Targee Street, Staten Island, NY, near the North East corner of Narrows Road North when Defendant Officer Egan, dressed in civilian clothes, sped by in a vehicle, upon information and belief, that belonged to Egan. He drove that vehicle in a reckless manner in that Egan drove on the left shoulder to cut in front of the vehicle Plaintiff was driving. When Yildiz stopped his vehicle due to traffic ahead of him, Officer Egan exited his vehicle and immediately engaged in an abusive tirade directed at Plaintiff. Yildiz then exited his vehicle, and Officer Egan, within seconds of Yildiz exiting his vehicle, and without any physical or verbal provocation, repeatedly punched Plaintiff in the face and head, causing him to sustain serious physical injuries to his head.

11. This assault was witnessed by three bystanders, two of which came to the aid and assistance of Plaintiff. One of these eyewitnesses called the police emergency number ("911") to report the assault. Officer Egan also called 911.

12. When Defendant Officer Jean-Mary arrived at the location, he was told by the eyewitnesses that Egan had assaulted Plaintiff without any provocation. Plaintiff Yildiz had blood pouring from his head wounds. Despite the visual confirmation that Yildiz was the victim of an assault, at the request of Officer Egan, Plaintiff Yildiz was arrested.

13. Though an ambulance appeared on the scene, the Defendant Police Officers, including Officer Egan, Officer Jean-Mary, Officer Anderson and Defendant Sergeant Cappello, prevented Plaintiff from receiving any medical treatment. Instead, Sergeant Cappello directed the Police Officers to take Plaintiff to the 120 Police Precinct.

14. Plaintiff was still profusely bleeding from his head wounds while his hands were cuffed behind his back and he was placed in a police vehicle. At no time did any of the Defendant Police Officers attempt to provide Plaintiff with any assistance to stop the bleeding.

15. The Defendant Police Officers further delayed the medical treatment of the Plaintiff for several hours by not calling an ambulance to the 120 Precinct while Plaintiff's arrest was being processed.

16. Additionally, while in custody at the 120 Precinct, Plaintiff Yildiz informed the Desk Sergeant John Doe and attendant Officer John Doe that he was an observant Muslim requiring food in accordance with his religious observances. Although assured he would receive food he was permitted to eat, Poilce Officer John Doe later offered Yildiz a bologna sandwich, the eating of which is strictly forbidden.

17. The assault upon Plaintiff by Defendant Egan, followed by the prevention of prompt

medical attention by the other Police Officer Defendants, caused plaintiff to sustain numerous permanent scars, injuries, pain and suffering and psychological and emotional trauma.

## FIRST CAUSE OF ACTION

### Excessive and Unreasonable Force under 42 U.S.C. Section 1983

18. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 17 with the same force and effect as if more fully set forth at length herein.

19. By repeatedly punching Plaintiff Yildiz in his head without provocation and without any lawful reason, the Defendant Egan used unreasonable and excessive force against Plaintiff, thereby depriving plaintiff of his rights, remedies, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION

### False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983

20. The plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 17 with the same force and effect as if more fully set forth at length herein.

21. The Defendant Police Officers, acting within the scope of their employment, intentionally and willfully arrested Plaintiff without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraint.

22. The Defendant Police Officers caused Plaintiff to be falsely arrested and unlawfully

imprisoned.

23. The Defendant Police Officers acted under pretense and color of state law and in their capacity as Police Officers employed by the New York Police Department.

24. The Defendant Police Officers acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

25. The Defendant Police Officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and laws of the United States in violation of 42 U.S.C. §1983.

26. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before alleged.

## THIRD CAUSE OF ACTION

### Deliberate Indifference to Plaintiff's Immediate Medical Needs in Violation of Plaintiff's Rights under Fourth and Fourteenth Amendments of the Constitution of the United States

27. Plaintiff repeats, reiterates and re-alleges each and every allegation as set forth in paragraphs 1 through 17, with the same force and effect as if set forth more fully herein.

28. When the Defendants Police Officers took Plaintiff into their custody without probable cause and held him illegally, the United States Constitution and the laws of the State of New York imposed upon them a corresponding duty to assume responsibility for his safety and general well-being.

29. The Defendant Police Officers had numerous opportunities to summon medical aid for the Plaintiff.

30. The complete failure of the Defendants Police Officers to obtain any medical treatment for Plaintiff Yildiz from the time they arrived at the scene of Defendant Egan's assault through the time he was at the 120 Precinct to the time he was taken to the hospital constituted a course of conduct that totally ignored Plaintiff's safety and well-being.

31. Such failure to provide prompt medical treatment was so inappropriate as to demonstrate either intentional maltreatment or gross negligence resulting in the pain and suffering of Plaintiff in violation of the requirements set forth in the Fourth Amendment and the due process clause of the Fourteenth Amendment to the United States Constitution.

32. The actions and/or inactions of the Defendant Police Officers were of a malicious and intentional nature and manifested a deliberate indifference to Plaintiff's need for essential medical care and attention.

33. A law enforcement officer has an affirmative duty to intercede on behalf of a citizen whose constitutional rights are being violated in his presence by other law enforcement officers.

34. Since each of the Defendants Police Officers knew or should have known that prompt, appropriate medical care was not obtained for the Plaintiff, each of the Defendants Police Officers knowingly participated in or acquiesced in the actions or inactions of the other Defendant Police Officers, whose actions and/or inactions violated Plaintiff's constitutional right to prompt, appropriate medical care.

35. The actions and/or inaction of Defendant Police Officers deprived Plaintiff rights under the Fourth and the Fourteenth Amendment by failing to intervene to protect him against a failure to obtain prompt, appropriate medical care.

36. As a result of the above, Plaintiff suffered unnecessary pain and suffering, emotional trauma, and actual pecuniary losses and is entitled to compensatory damages.

37. As a direct and proximate result of the misconduct detailed above, plaintiff sustained the damages herein before alleged.

## FOURTH CAUSE OF ACTION

### Deprivation of Rights Under 42 U.S.C. §§ 1981, 1983 Against Defendant City of New York

38. The plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked 1 through 17 with the same force and effect as if more fully set forth at length herein.

39. Defendant Officer John Doe, acting within the scope of his employment by Defendant City of New York, intentionally and willfully deprived Plaintiff Yildiz, an observant Muslim, a member of a religious minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America and 42 U.S.C. §§ 1981 and 1983.

40. In particular, while Plaintiff was in police custody at the 120 Precinct, Officer John Doe, by offering Plaintiff a ham sandwich after being informed by Plaintiff that he was an observant Muslim requiring food consistent with his religious beliefs, intentionally discriminated against Plaintiff on the basis of his religion.

41. Defendant City of New York through Officer John Doe, acting under pretense and color of state law, in his official capacity, and within the scope of his employment as a Police Officer, performed acts which are forbidden by the Constitution of the United States of America.

## JURY DEMAND

42. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows: That the Court adjudge and decree that Plaintiff Yildiz shall recover compensatory damages in the sum of $5,000,000 against the individual Police Officer Defendants: Defendant Officer Egan, Defendant Officer Jean-Mary, Defendant Officer Anderson, Defendant Officer John Doe, Defendant Sergeant Michael Cappello, Defendant Sergeant John Doe and Defendant City of New York, together with interest and costs; in the sum of $5,000,000 against all of the above named Defendants.

a. That the plaintiff recover the cost of the suit herein, including reasonable attorney's fees pursuant to 42 U.S.C. §1988.

b. That the plaintiff has such other and further relief as the Court shall deem just and proper.

DATED:	December 30, 2011
	Staten Island, New York

_____
MARK GEISSER, ESQ. (MG)
891 Forest Avenue
Staten Island, New York 10310
(646) 408-5118